## Milwaukee Harvester Co. v. L. W. Glidden et al.

1. PRACTICE—*Where One of Two Innocent Parties Must Suffer.*— Where one of two innocent parties must suffer through the act of a third, the loss must fall on him who puts it in the power of the third person to commit the act causing the loss.

2. PRINCIPAL AND AGENT—*Principal Liable for Agent's Acts When Acting Within the Scope of His Authority.*—Plaintiff's agent prepared a duplicate form of contract between his principal and the defendant regulating the sale of the plaintiff's machinery by the defendant. It was signed by defendant, after which the agent detached therefrom a slip of paper or rider which provided that the minimum commission of defendant for that year should be $500, and sent both copies to the plaintiff for its approval and signature. They were executed without the rider and returned to the agent, who replaced the rider upon defendant's copy of the contract and delivered it to defendant in that condition, which was the same condition in which defendant had signed it. The twelfth clause of the contract provided that the agent might make any subsequent agreement after the execution of the original contract. *Held,* that as the agent had not only apparent, but actual authority to make the contract, including the provisions contained in the rider, the rider was a part of the contract and binding upon plaintiff.

**Assumpsit.**—Appeal from the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

C. M. TURNER, attorney for appellant.

N. F. ANDERSON, attorney for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a suit by appellant against appellees to recover upon a written contract between the parties by which the latter were to sell farm machinery manufactured by the former. Appellant claims that appellees were to sell the machinery upon a commission fixed by the contract. Appellees claim the contract provided for a minimum commission of $500.

The case was tried by the court without a jury. It was stipulated that if appellant's contention should prevail there should be a judgment in its favor for $444.55, and that if appellees' contention prevailed the judgment for appellant should be $8.49. The court sustained the contention of the appellees and rendered judgment against them for $8.49. No propositions of law were submitted to be held by the trial court.

It appears from the evidence that Glidden Brothers, who are the appellees, had been in the hardware and farming implement business at Galva, Illinois, for a number of years. During that time they had represented the appellant in the sale of its machinery in that locality. Annual contracts had been executed by the parties. At the time of the execution of the contract in question George M. Hurff was the general and contracting agent of appellant, and had his office at Peoria, Illinois. Hurff called upon appellees for the purpose of settling the business for the year 1899, and for the further purpose of obtaining a contract for the year 1900, which is the contract in controversy. The result of the interview was that a duplicate contract was signed by appellees, to each copy of which was attached as a part thereof a slip of paper or rider, which provided that the minimum commission of appellees for that year should be $500. Hurff took both copies to be forwarded to the main office of appellant at Milwaukee, Wisconsin, for its approval and signature. When the copies reached the appellant at Milwaukee the rider did not accompany them. They were executed without it, and returned to Hurff at Peoria to be

delivered to appellees. When appellees' copy was returned by Hurff from Peoria, executed by appellant at its Milwaukee office, the rider was attached the same as when Hurff received it from appellees. It is manifest that Hurff detached the rider after receiving it from appellees as a part of the contract executed by them, and obtained appellant's signature to the contract without the rider attached, and then replaced the rider upon appellees' copy of the contract and delivered it to appellees in that condition, which was the same condition in which appellees had signed it.

If the rider is in law a part of the contract the judgment of the Circuit Court must be affirmed; but if it is not, the judgment must be reversed. The evidence shows that Hurff was the agent of appellant and had, not only apparent, but actual authority to make the contract, including the provisions contained in the rider. The twelfth clause of the contract in question provides that the general agent at Peoria, who was Hurff, might make any subsequent agreement after the execution of the original contract. We hold that the rider was a part of the contract and binding upon appellant. But aside from this, if we were to consider the acts of Hurff as in excess of his authority and were compelled to consider the case as one in which one or two innocent parties must sustain a loss in consequence of the unauthorized act of Hurff the result would not be different. Taking such a view of the case, the judgment must be affirmed upon the familiar principle that where one of two innocent parties must suffer through the act of a third, the loss must fall on him who puts it in the power of the third party to commit the act causing the loss.

There was no reversible error in the procedure of the trial. The judgment of the Circuit Court will be affirmed.